NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYALE LUAU RESORT, LLC, | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 07-1342 (HAA) |
| v. | **OPINION AND ORDER** |
| KENNEDY FUNDING, INC., JEFFREY WOLFER; JOSEPH WOLFER, JOHN DOES 1-10, | |
| Defendants, | |
| v. | |
| JAMES D. PETERSON, | |
| Third-Party Defendant. | |

**ACKERMAN**, Senior District Judge:

This matter comes before the Court on a motion (Doc. No. 59) by Third-Party Defendant James Peterson to set aside the June 3, 2008 entry of default by the Clerk of this Court. For the following reasons, this Court will grant Peterson's motion to vacate the entry of default, but will tax the Third-Party Defendant the costs incurred by Defendants from his failure to acknowledge service of the Third-Party Complaint.

*Background*

Defendants Kennedy Funding, Jeffrey Wolfer, and Joseph Wolfer (hereinafter, "Kennedy Funding") filed a Counterclaim and Third-Party Complaint in the instant matter on February 29,

1

2008 alleging that Plaintiff Royale Luau Resort, LLC ("Royale") and one of its principals, James Peterson, both individually and as a guarantor, "executed a certain loan commitment agreement" with Kennedy Funding. (Doc. No. 48 at 38, ¶ 1.) The Clerk of the Court issued a Third-Party Summons for Peterson on March 6, 2008, which was served electronically upon his counsel.[1] When Peterson did not acknowledge receipt of service, counsel for Kennedy Funding twice contacted Peterson's counsel to request that he accept service on behalf of Peterson. Peterson's counsel did not respond to either inquiry. (Naar Certif. ¶¶ 6–9.)

In order to locate Peterson and effectuate service, counsel for Kennedy Funding hired a detective agency on March 26, 2008. The agency ultimately located Peterson, and a subpoena firm served Peterson on May 7, 2008. Pursuant to Federal Rule of Civil Procedure 12, Peterson had until May 27, 2008—20 days—to file a responsive pleading. Peterson did not file an answer until six days after the deadline, June 3, 2008, the same date that Kennedy Funding filed a request for entry of default. Peterson's counsel attributes this failure to his client's misunderstanding of the documents with which he was served and his own misunderstanding of the date of service.

### *Discussion*

Federal Rule of Civil Procedure 55(c) permits this Court "to set aside an entry of default for good cause . . . ." While district courts have discretion regarding whether or not to set aside an entry of default, defaults are not favored. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244

---

[1] Peterson's counsel, Gregg D. Trautmann, also serves as counsel for Plaintiff Royale Luau Resort, LLC.

(3d Cir. 1951)).  For this reason, "doubtful cases [are] to be resolved in favor of the party moving to set aside [the default] so that cases may be decided on their merits." *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (internal quotation marks and citations omitted).

The following factors guide this Court's discretion in determining a motion to set aside an entry of default: (1) whether the plaintiff would be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct; and (4) the effectiveness of alternative sanctions.  *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (citations omitted); *see also Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985); *$55,518.05 in U.S. Currency*, 728 F.2d at 195.  Here, the above factors decidedly counsel in favor of imposing a lesser sanction and setting aside the entry of default.

It is clear that Third-Party Plaintiff Kennedy Funding would suffer no prejudice by setting aside entry of default because Peterson's non-responsive behavior and late filing did not hinder Kennedy Funding's ability to pursue its counterclaim and defenses against the primary Plaintiff Royale.  At the same time, Peterson, the alleged guarantor of the contract between Royale and Kennedy Funding, has submitted meritorious defenses, primarily premised on the contract claims (i.e., unjust enrichment) filed in Royale's Complaint.  Such defenses would constitute complete defenses if established at trial.  *See $55,518.05 in U.S. Currency*, 728 F.2d at 195.  Peterson's reliance on Royale's claims for his defenses makes sense because he is a principal of Royale, and because he is alleged to be the guarantor of the loan agreement between Royale and Kennedy Funding.

In opposing Peterson's motion, Kennedy Funding only criticizes the non-responsive and dilatory behavior of Peterson and his counsel.  Although the Court agrees that the behavior of

Peterson and his counsel leaves much to be desired, the Court is not convinced at this time that their neglect in filing a responsive pleading six days late constitutes the "willful" culpable conduct or "bad faith" necessary for a default.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984).

Considering that default judgments are considered "drastic sanctions," *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867–68 (3d Cir. 1984) (citation omitted), and lesser sanctions are preferred where appropriate, *see, e.g.*, *Hritz,* 732 F.2d at 1182, this Court will set aside the entry of default, but this Court will grant Kennedy Funding's alternative request by taxing the costs and reasonable attorneys' fees absorbed by Kennedy Funding in locating and serving Peterson.  Kennedy Funding has already submitted documentation indicating that it spent $203.43 in hiring the detective and subpoena services, but it has not submitted documentation for the attorneys' fees involved on this discrete matter.  The Court will tax Peterson for these costs, and will order Kennedy Funding to submit an affidavit in support of its request for attorneys' fees within 10 days of this order.  This Court will make a determination regarding attorneys' fees at the propitious time.

### *Conclusion & Order*

For the above reasons, this Court hereby ORDERS that Third-Party Defendant's motion (Doc. No. 59) to set aside the June 3, 2008 entry of default is GRANTED.  It is further ORDERED that:

1) Peterson is liable to Kennedy Funding for reasonable attorneys' fees and costs incurred in locating and serving Peterson.  Peterson shall pay Kennedy Funding $203.43 for the detective and service-of-process services utilized.

    2)    Kennedy Funding shall submit an affidavit in support of its request for reasonable attorneys' fees, including descriptive time entries from its billing records, within 10 days of this Order. Peterson shall have 5 days to respond to Kennedy Funding's submission. This Court will issue a final judgment on attorneys' fees in due course.

Newark, New Jersey
February 17, 2009

                                                             <u>/s/ Harold A. Ackerman</u>
                                                              U.S.D.J.