NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYALE LUAU RESORT, LLC, | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 07-1342 (HAA) |
| v. | **OPINION AND ORDER** |
| KENNEDY FUNDING, INC., JEFFREY WOLFER; JOSEPH WOLFER, JOHN DOES 1-10, | |
| Defendants, | |
| v. | |
| JAMES D. PETERSON, | |
| Third-Party Defendant. | |

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the request of Defendant Kennedy Funding, Inc., for attorneys' fees. In this Court's February 17, 2009 Opinion & Order (hereinafter "February Order"), the Court held Third-Party Defendant James Peterson "liable to Kennedy Funding for reasonable attorneys' fees and costs incurred in locating and serving Peterson." (February Order at 4.) The Court imposed this sanction due to the non-responsiveness of Peterson's counsel during Kennedy Funding's attempts to serve Peterson, and the subsequent untimely answer filed by Peterson that necessitated the Clerk's entry of default. Prior to the February Order, Kennedy Funding had submitted documentation for the costs it had incurred in hiring a detective and

1

subpoena service, and the Court ordered that Peterson pay Defendant Kennedy Funding $203.43 to cover these expenses. In order to properly address the request for attorneys' fees, the Court also ordered Kennedy Funding to submit a supporting affidavit, to which Peterson could respond. Counsel for Kennedy has complied, and Peterson has submitted his response.

### *Discussion*

In determining the reasonableness of a fee request, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *See, e.g.*, *Washington v. Phila. County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorneys' fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a "generalized sense" of appropriateness, but "must rely on the record." *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Smith v. City of Phila. Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)). The Third Circuit has emphasized that "fee requests [must] be subjected to a thorough and searching analysis" with a line-by-line examination of the request to ensure that time expended by counsel was reasonable and not duplicative or excessive. *Evans*, 273 F.3d at 362.

Kennedy Funding seeks attorneys' fees in the amount of $1,451.50, for a total of 4.4 hours collectively expended by three attorneys from the firm Greenbaum, Rowe, Smith & Davis LLP. The charged rates range from $220 per hour for the litigation associate to $330 per hour and $475 per hour for the two litigation partners. (Naar Aff. at 5.) To be reasonable, charged rates must be generally consistent with "rates in the relevant market for similar services by attorneys of comparable experience, skill and reputation." *Apple Corps Ltd. v. Int'l Collectors*

*Soc'y*, 25 F. Supp. 2d 480, 492 (D.N.J. 1988) (citation omitted).  The Court is convinced that the rates submitted by defense counsel do not exceed the market rates for attorneys of similar experience and skill, and Peterson does not suggest otherwise.

The Court has carefully reviewed, *in camera*, the itemized fees submitted by Kennedy Funding's counsel, and finds the fees submitted reasonable with the exception of the entries representing expenses incurred after May 7, 2008 (totalling .8 hours billed by Olivier Salvagno).  The Court finds these fees unreasonable because they occurred after Peterson was served and do not reflect any special efforts made to compensate for the neglect of Peterson's counsel.  Kennedy Funding bears the burden of proving the reasonableness of these fees, and the Court finds that defense counsel failed to show how these fees were reasonable for the extra effort required to locate and serve Peterson.  Deducting these entries reduces the amount of attorneys' fees by $264, resulting in a total of $1,187.50.

Peterson objects to fees billed prior to the hiring of the detective agency on April 21, fees billed for reviewing Peterson's acknowledgment of service, and the total amount of fees requested for the purpose of locating and serving Peterson.  Because the Court imposed the sanction in part due to the non-responsiveness of Peterson's counsel that necessitated Kennedy Funding's hiring of a detective agency to locate Peterson, the Court rejects Peterson's categorical objection to fees incurred prior to April 21.  Meanwhile, this Court's disallowance of fees arising after service of process addresses Peterson's concerns with fees attributed to reviewing the acknowledgment of service.  With regard to Peterson's general objection to defense counsel spending approximately four hours over the course of two months in attempting to locate and serve Peterson, this Court disagrees, and finds that the remaining fees submitted by counsel for

Kennedy Funding were reasonable.

Accordingly, after careful review of the fees billed and Peterson's objections thereto, this Court will tax Peterson $1,187.50 for reasonable attorneys' fees incurred by Kennedy Funding in locating and serving Peterson.

### *Conclusion & Order*

For the above reasons and pursuant to this Court's February 2009 Order, this Court hereby ORDERS that Third-Party Defendant Peterson shall be liable to Defendant Kennedy Funding for reasonable attorneys' fees in the amount of $1,187.50.

Newark, New Jersey
April 16, 2009

/s/ Harold A. Ackerman
U.S.D.J.